IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CYNTHIA GEORGE ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| OVERALL CREEK APARTMENTS, LLC; ) | |
| CHANDLER PROPERTIES, LLC; B.L. ) | |
| BENNETT & ASSOCIATES, INC.; ) | Civil Action No. 3:23-cv-00297 |
| DENHOLTZ 5150 JB OWNER, LLC; BBS ) | |
| TAFT 5150 JB OWNER; AND CPJB ) | **JURY DEMANDED** |
| DRIVE OWNER, LLC, ) | |
| ) | JUDGE ALETA A. TRAUGER |
| Defendants. ) | |
| ) | |
| and ) | |
| ) | |
| OVERALL CREEK APARTMENTS, LLC ) | |
| and CHANDLER PROPERTIES, LLC, ) | |
| ) | |
| Third-Party Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| NILES BOLTON ASSOCIATES, INC. ) | |
| ) | |
| Third-Party Defendant. ) | |

**ANSWER OF NILES BOLTON ASSOCIATES, INC.
TO DEFENDANTS OVERALL CREEK APARTMENTS, LLC AND CHANDLER
PROPERTIES, LLC'S THIRD-PARTY COMPLAINT AGAINST
NILES BOLTON ASSOCIATES, INC.**

COMES NOW Niles Bolton Associates, Inc. (hereinafter, "NBA"), by and through counsel, and submits the following Answer to Defendants Overall Creek Apartments, LLC and Chandler Properties, LLC's (hereinafter, "Third-Party Plaintiffs") Third-Party Complaint Against Niles Bolton Associates, Incorporated (hereinafter, "Third-Party Complaint").

1

## FIRST DEFENSE

The third-party claims against NBA are derivative. NBA reserves its right to assert additional, as-yet unknown affirmative defenses to the allegations contained in the original Complaint, to the extent appropriate, and to the allegations contained in the Third-Party Complaint in the event third-party discovery indicates it would be appropriate.

## SECOND DEFENSE

The third-party claims against NBA are derivative. Upon information and belief, the original Plaintiff may lack standing to bring her claims, in whole or in part, because at the time of her alleged visits, Plaintiff (1) did not intend to lease a unit at, or otherwise return to, the Property, (2) may not have incurred a concrete and particularized injury and/or (3) may not have used a wheelchair or been otherwise handicapped. Additionally, Plaintiff may lack standing to bring her claims, in whole or in part, to the extent Plaintiff's allegations relate to areas of the Property and units that Plaintiff did not visit.

## THIRD DEFENSE

The third-party claims against NBA are derivative. Upon information and belief, the original Plaintiff's claims may be moot, in whole or in part, because Plaintiff (1) did not intend to lease a unit at, or otherwise return to, the Property, and/or (2) may not be using a wheelchair or be otherwise handicapped. Additionally, Plaintiff's claims may be moot, in whole or in part, to the extent that any of the alleged accessibility barriers have been, or will be, remediated.

## FOURTH DEFENSE

The third-party claims against NBA are derivative. The original Plaintiff's request for punitive damages is barred because NBA's actions (if any) with respect to the alleged accessibility

2

barriers were not made with an evil motive or intent, or with reckless or callous indifference to the rights protected by 42 U.S.C. §§ 3601-3619 (the "FHA").

**FIFTH DEFENSE**

The third-party claims against NBA are derivative. The original Plaintiff's request for declaratory and injunctive relief may be barred, in whole or in part, because remediation (if any is deemed necessary by the Court) of the alleged accessibility barriers is infeasible, impracticable or would impose an undue financial or administrative burden.

**SIXTH DEFENSE**

The third-party claims against NBA are derivative. Plaintiff's claims may be barred by the applicable statutes of limitation and/or repose, including but not limited to 42 U.S.C. § 3613(a)(1)(A).

**SEVENTH DEFENSE**

Neither the original Complaint nor the Third-Party Complaint state a cause of action against NBA upon which relief can be granted.

**EIGHTH DEFENSE**

The third-party claims against NBA are barred because NBA's conduct in connection with the Property was not a cause (including but not limited to a proximate cause) of any of the alleged accessibility barriers.

**NINTH DEFENSE**

The third-party claims against NBA are barred because NBA's conduct in connection with the Property was not a cause (including but not limited to a proximate cause) of any of the alleged accessibility barriers.

**TENTH DEFENSE**

The third-party claims against NBA are barred because any acts undertaken by NBA with respect to the alleged accessibility barriers were not undertaken with discriminatory intent.

**ELEVENTH DEFENSE**

The third-party claims against NBA are barred by 42 U.S.C. § 3604(f)(4) because the Property is in compliance with the appropriate requirements of the American National Standard for buildings and facilities providing accessibility and usability for physically handicapped people (commonly cited as "ANSI A117.1). The third-party claims against NBA are also barred because the Property otherwise complied with 42 U.S.C. § 3604(f)(3)(C) and 24 C.F.R. § 100.205 at all times.

**TWELFTH DEFENSE**

The third-party claims are barred, in whole or in part, because avoiding the alleged accessibility barriers was not feasible, practical, and/or would have imposed an undue financial or administrative burden.

**THIRTEENTH DEFENSE**

The third-party claims may be barred because the alleged accessibility barriers do not materially impair Plaintiff's use of the Property for its intended purpose.

**FOURTEENTH DEFENSE**

The third-party claims are barred, in whole or in part, because remediation (if any is deemed necessary by the Court) of the alleged accessibility barriers is infeasible, impracticable or would impose an undue financial or administrative burden.

4

## FIFTEENTH DEFENSE

The third-party claims may be barred, in whole or in part, by laches, equitable estoppel, waiver and/or other equitable defenses.

## SIXTEENTH DEFENSE

The third-party claims against NBA are precluded and barred by the independent intervening acts, or failures to act, of other parties.

## SEVENTEENTH DEFENSE

NBA asserts the affirmative defense of comparative fault, and specifically that the original Plaintiff's alleged damages and/or the the Third-Party Plaintiffs' alleged damages as to NBA were caused in whole or in part by the negligent actions or omissions of the original Plaintiff, the original defendants, Third-Party Plaintiffs, and/or other entities or individuals and such negligence should bar or at a minimum reduce any recovery against NBA.

## EIGHTEENTH DEFENSE

Neither the original Plaintiff's alleged damages nor Third-Party Plaintiffs' alleged damages were proximately caused by NBA. The damages complained of by the original Plaintiff and Third-Party Plaintiffs were caused by parties, entities, and/or circumstances beyond the control of NBA. Consequently, there can be no recovery against NBA.

## NINETEENTH DEFENSE

The original Plaintiff's alleged damages and Third-Party Plaintiffs' alleged damages, if any, were caused by the acts or omissions of persons, parties, or entities other than NBA, or by circumstances beyond the control of NBA. Consequently, there can be no recovery against NBA.

## TWENTIETH DEFENSE

Upon information and belief, Plaintiff and/or Third-Party Plaintiffs may have failed to mitigate their damages by seeking timely and appropriate treatment for their alleged injuries.

## TWENTY-FIRST DEFENSE

Third-Party Plaintiffs cannot prove any facts showing that the conduct of NBA was the cause in fact or proximate cause of any alleged damages in the Third-Party Complaint.

## TWENTY-SECOND DEFENSE

To the extent the damages alleged in the Third-Party Complaint arose from acts or omissions or comparative fault of others, NBA is not legally liable or responsible for those damages.

## TWENTY-THIRD DEFENSE

NBA violated no duty owed to the original Plaintiff in contract, tort, or otherwise, and is not liable to Plaintiff and/or Third-Party Plaintiffs in any amount.

## TWENTY-FOURTH DEFENSE

NBA incorporates any and all applicable affirmative defenses found within *Rule* 12(b) of the *Federal Rules of Civil Procedure* not expressly set forth herein.

## TWENTY-FIFTH DEFENSE

NBA is entitled to recovery of its attorneys' fees and costs pursuant to 42 U.S.C. § 3613(c)(2) to the extent the original Plaintiff's claims and/or the third-party claims are frivolous, unreasonable, groundless, and/or made in bad faith.

## TWENTY-SIXTH DEFENSE

NBA presently has insufficient knowledge or information upon which to form a belief as to whether it may have sufficient grounds to assert a Cross-Claim or Counter-Claim in this matter.

NBA reserves the right to assert a Cross-Claim or Counter-Claim in this matter in the event third party discovery indicates it would be appropriate.

### TWENTY-SEVENTH DEFENSE

On April 9, 2024, the Court entered its MEMORANDUM OPINION AND ORDER [Dkt. 72] in connection with NBA's Motion to Dismiss [Dkt. 52], which dismisses Third-Party Plaintiffs' state law claim for equitable indemnification with prejudice and partially dismisses Third-Party Plaintiffs' breach of contract claim to the extent it is a *de facto* claim for indemnification. NBA objects to being required to respond to any allegations contained in the Third-Party Complaint related to the aforementioned dismissed third-party claims. Because the Third-Party Complaint treats the equitable indemnification and equitable contribution claims singularly, NBA shall respond to those allegations singularly for convenience only. In doing so, NBA specifically states that its responses are with regard only to those claims that survived NBA's Motion to Dismiss. NBA's responses are not to be construed in connection with the dismissed third-party claims.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

NBA's scope of work did not include civil engineering work. Accordingly, NBA is not liable for any alleged deficiencies related to civil engineering work because such work is explicitly outside of NBA's scope of work in connection with the project.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

The entirety of the design documents prepared by NBA are within the applicable standard of care.

### THIRTIETH AFFIRMATIVE DEFENSE

NBA is not in privity of contract with original Third-Party Plaintiffs. Accordingly, any third-party claims purportedly arising in contract between NBA and Third-Party Plaintiffs must be dismissed as a matter of law because no contract exists between the third-party litigants.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Third-Party Plaintiffs are not intended third-party beneficiaries to any contract executed by NBA in connection with the project.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

On information and belief, Chandler Properties, LLC, Bennett & Associates, Inc., and perhaps other as-yet unknown entities, failed to construct the project in accordance with NBA's design documents.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

NBA is not liable for any damages arising from another party's failure to adhere to the design documents prepared by NBA.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

On information and belief, Chandler Properties, LLC, Bennett & Associates, Inc., and perhaps other as-yet unknown entities may have committed their own independent and non-delegable violations of the FHA, and NBA is not liable for same.

### RESPONSES TO SPECIFIC ALLEGATIONS

### I. LAWSUIT BACKGROUND

1. Paragraph 1 is a statement concerning the filing of the original Complaint by Plaintiff to which no response is required from NBA. To the extent that a response is later deemed

required, NBA admits that Plaintiff filed her original Complaint against the original Defendants on March 21, 2023.

2. Paragraph 2 is a statement concerning the claims alleged by Plaintiff in the original Complaint to which no response is required from NBA. NBA avers that the original Complaint speaks for itself and denies any attempt to restate or summarize same.

3. Paragraph 3 is a statement concerning the allegations contained in the original Complaint to which no response is required from NBA. NBA avers that the original Complaint speaks for itself and denies any attempt to restate or summarize same.

4. NBA admits the allegation contained in Paragraph 4 but only to the extent that NBA was "retained . . . to design and prepare plans for the construction of the Property." The remaining allegations are not directed toward NBA and do not require a response from NBA. To the extent a response is later deemed required, NBA denies the remaining allegations of Paragraph 4.

## II. JURISDICTION AND VENUE

5. The allegations in Paragraph 5 are legal conclusions to which no response is required and, therefore, NBA denies the same at this time.

6. The allegations in Paragraph 6 are legal conclusions to which no response is required. To the extent that a response is later deemed required, NBA admits that it does business in this judicial district.

7. The allegations in Paragraph 7 are legal conclusions to which no response is required and, therefore, NBA denies the same at this time.

## III. NILES BOLTON.

8. NBA admits the allegations of Paragraph 8.

9. NBA admits the allegations of Paragraph 9.

## IV. FACTS

10. Paragraph 10 is a statement not directed toward NBA to which no response is required from NBA. To the extent that a response is later deemed required, NBA denies the allegations in Paragraph 10 and further denies any attempt to restate or summarize the document that is referenced as "Exhibit 1."

11. Paragraph 11 is a statement not directed toward NBA to which no response is required from NBA. To the extent that a response is later deemed required, NBA denies the allegations in Paragraph 11 and further denies any attempt to restate or summarize the document that is referenced as "Exhibit 1," which speaks for itself.

12. NBA denies the allegations in Paragraph 12 and further denies any attempt to restate or summarize the document that is referenced as "Exhibit 2," which speaks for itself.

13. NBA admits the allegations contained in Paragraph 13. The "plans" referenced in Paragraph 13 speak for themselves, and NBA denies any attempt to restate or summarize same.

14. Paragraph 14 is an alleged summary of certain information contained within the referenced "architectural plans" and requires no response from NBA. To the extent a response is later deemed required, NBA denies the allegations in Paragraph 14. NBA denies any attempt to restate or summarize the referenced "architectural plans."

15. Paragraph 15 is an alleged summary of certain information contained within the referenced "architectural plans" and requires no response from NBA. To the extent a response is later deemed required, NBA denies the allegations in Paragraph 15. NBA denies any attempt to restate or summarize the referenced "architectural plans."

16. NBA is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 16 and, therefore, NBA denies the same at this time.

17. The allegations in Paragraph 17 are legal conclusions to which no response is required and, therefore, NBA denies the same at this time.

18. Paragraph 18 is a purported summary of what "Plaintiff alleges" and requires no response from NBA. To the extent that a response is later deemed required, NBA denies the allegations in Paragraph 18. NBA denies any attempt to restate or summarize the allegations contained in Plaintiff's original Complaint.

## V. CAUSES OF ACTION

### A. Equitable Indemnification and Equitable Contribution[1]

19. The allegations in Paragraph 19 are legal conclusions to which no response is required and, therefore, NBA denies the same at this time.

20. The allegations in Paragraph 20 are legal conclusions to which no response is required and, therefore, NBA denies the same at this time.

21. On information and belief, NBA admits the allegations in Paragraph 21.

22. The allegations in Paragraph 22 are legal conclusions to which no response is required and, therefore, NBA denies the same at this time.

23. NBA is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 23 and, therefore, NBA denies the same at this time. The allegations

---

[1] On April 9, 2024, the Court entered its MEMORANDUM OPINION AND ORDER [Dkt. 72] in connection with NBA's Motion to Dismiss [Dkt. 52], which dismisses Third-Party Plaintiffs' state law claim for equitable indemnification with prejudice. NBA objects to being required to respond to any allegations contained in the Third-Party Complaint related to the dismissed third-party claim for equitable indemnification. Because the Third-Party Complaint treats the equitable indemnification and equitable contribution claims singularly, NBA shall respond to those allegations singularly for convenience only. In doing so, NBA specifically states that its responses are with regard only to the third-party claim for equitable contribution. NBA's responses are not to be construed in connection with the third-party claim for equitable indemnification, which has been dismissed with prejudice.

11

in Paragraph 23 contain a legal conclusion to which no response is required and, therefore, NBA denies the same at this time.

24. NBA denies the allegations in Paragraph 24.

25. NBA denies the allegations in Paragraph 25.

26. NBA denies the allegations in Paragraph 26.

27. NBA denies the allegations in Paragraph 27.

**B.    Breach of Contract[2]**

28. NBA denies the allegations in Paragraph 28 and further denies any attempt to restate or summarize the document that is referenced as "Exhibit 2," which speaks for itself.

29. On information and belief, NBA admits the allegations in Paragraph 29.

30. Paragraph 30 is an alleged summary of an "agreement" and requires no response from NBA. To the extent a response is later deemed required, NBA denies the allegations in Paragraph 30. NBA denies any attempt to restate or summarize the referenced "agreement."

31. NBA denies the allegations in Paragraph 31 and further denies any attempt to restate or summarize the document that is referenced as "Exhibit 2," which speaks for itself.

32. Paragraph 32 is an alleged summary of a "contract" and requires no response from NBA. To the extent a response is later deemed required, NBA denies the allegations in Paragraph 32. NBA denies any attempt to restate or summarize the referenced "contract."

---

[2] On April 9, 2024, the Court entered its MEMORANDUM OPINION AND ORDER [Dkt. 72] in connection with NBA's Motion to Dismiss [Dkt. 52], which dismisses Third-Party Plaintiffs' breach of contract claim to the extent it is a *de facto* claim for indemnification. NBA objects to being required to respond to any allegations contained in the "Breach of Contract" section of the Third-Party Complaint to the extent the breach of contract claim has been dismissed.

33. Paragraph 33 is an alleged summary of certain information contained in certain "design plans" and requires no response from NBA. To the extent a response is later deemed required, NBA denies the allegations in Paragraph 33. NBA denies any attempt to restate or summarize the referenced "design plans."

34. The allegations in Paragraph 34 are legal conclusions to which no response is required and, therefore, NBA denies the same at this time.

35. The allegations in Paragraph 35 are legal conclusions to which no response is required and, therefore, NBA denies the same at this time.

36. The allegations in Paragraph 36 are legal conclusions to which no response is required and, therefore, NBA denies the same at this time.

37. The allegations in Paragraph 37 are legal conclusions to which no response is required and, therefore, NBA denies the same at this time.

38. The allegations in Paragraph 38 are legal conclusions to which no response is required and, therefore, NBA denies the same at this time.

39. The allegations in Paragraph 39 are legal conclusions to which no response is required and, therefore, NBA denies the same at this time.

40. The allegations in Paragraph 40 are legal conclusions to which no response is required and, therefore, NBA denies the same at this time.

41. Paragraph 41 is an alleged summary of certain "architectural drawings" and requires no response from NBA. To the extent a response is later deemed required, NBA denies the allegations in Paragraph 41. NBA denies any attempt to restate or summarize the referenced "architectural drawings."

42. The allegations in Paragraph 42 are legal conclusions to which no response is required and, therefore, NBA denies the same at this time.

43. The allegations in Paragraph 43 contain a summary of what "Plaintiff alleges" and requires no response from NBA. To the extent a response is later deemed required, NBA denies the allegations in Paragraph 43 and denies any attempt to restate or summarize the information or causes of action set forth in the original Complaint, which speaks for itself. The allegations in Paragraph 43 also contain legal conclusions to which no response is required and, therefore, NBA denies the same at this time.

44. The allegations in Paragraph 44 contain a summary of what "Plaintiff alleges" and requires no response from NBA. To the extent a response is later deemed required, NBA denies the allegations in Paragraph 44 and denies any attempt to restate or summarize the information or causes of action set forth in the original Complaint, which speaks for itself. The allegations in Paragraph 44 also contain legal conclusions to which no response is required and, therefore, NBA denies the same at this time.

45. The allegations in Paragraph 45 contain a summary of what "Plaintiff alleges" and requires no response from NBA. To the extent a response is later deemed required, NBA denies the allegations in Paragraph 45 and denies any attempt to restate or summarize the information or causes of action set forth in the original Complaint, which speaks for itself. The allegations in Paragraph 45 also contain legal conclusions to which no response is required and, therefore, NBA denies the same at this time.

46. NBA denies that Third-Party Plaintiffs are entitled to the relief sought under the <u>PRAYER FOR RELIEF</u> section of the Third-Party Complaint.

47. NBA denies that Third-Party Plaintiffs are entitled to the relief sought under the WHEREFORE section of the Third-Party Complaint.

48. Any and all allegations not heretofore admitted, denied, or explained are denied as if specifically denied herein.

## VIII. NBA'S PRAYER FOR RELIEF

NBA respectfully requests that the Court enter an Order (1) dismissing the Third-Party Complaint with prejudice, (2) rendering judgment in favor of NBA, (3) decreeing that neither Plaintiffs nor Third-Party Plaintiffs take anything from NBA, (4) awarding NBA its costs of defending this action, including its attorneys' fees and costs pursuant to 42 U.S.C. § 3613(c)(2), and (5) granting such other and further relief to NBA as this Court deems just and proper.

Respectfully submitted,

**COPELAND, STAIR, VALZ & LOVELL, LLP**

*/s/ Luke H. Neder*
BRIAN S. SPITLER, BPR 032649
LUKE H. NEDER, BPR 028444
735 Broad Street, Suite 1100
Chattanooga, TN 37402
Phone: 423-713-7075
Fax: 423-648-2283
bspitler@csvl.law
lneder@csvl.law
*Attorneys for Niles Bolton Associates, Inc.*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing pleading has been served upon all parties to this matter by electronic mail and through electronic filing using the Court's electronic filing system as follows:

Eric G. Calhoun
CALHOUN & ASSOCIATES
Richardson, TX 75080
eric@ecalhounlaw.com
*Attorney for Plaintiff*

Matthew Todd Sandahl
M. TODD SANDAHL, ATTORNEY AT LAW
234 1st Ave S
Franklin, TN 37064
tsandahl@mtslaw.com
*Attorney for Plaintiff*

Heather Gwinn
David Steine
GORDON REES SCULLY MANSUKHANI, LLP (NASHVILLE)
4031 Aspen Grove Drive, Suite 290
Franklin, TN 37067
hgwinn@grsm.com
dsteine@grsm.com
*Attorneys for Defendants Overall Creek Apartments, LLC
and Chandler Properties, LLC.*

Jason K. Murrie
Rebecca M. Demaree
CORNELIUS & COLLINS, LLP
211 Athens Way
Suite 200
Nashville, TN 37228
jkmurrie@cclawtn.com
rwdemaree@cclawtn.com
*Attorneys for B.L. Bennett & Associates, Inc.*

Benjamin A. Johnson
BRADLEY ARANT BOULT CUMMINGS LLP (NASHVILLE, TN OFFICE)
1600 Division Street
Suite 700
P.O Box 340025
Nashville, TN 37203-0025
bjohnson@bradley.com
*Counsel for Defendants Denholtz 5150 JB Owner,*
*LLC; BBS Taft 5150 JB Owner, LLC; and CPJB*
*Drive Owner, LLC*

On this 18th day of April, 2024

                                        /s/ Luke H. Neder